Smith, J.
The question presented in each of these eight cases is simply this: Whether oh the trial of the cases in the police court of this city the accused persons were entitled to a trial by jury, each one having demanded a jury, which was refused by the court.
The defendants in these cases were severally charged with a violation of section 6933, Revised Statutes, which reads as follows:
“Whoever suffers any game whatsoever to be played for gain, upon or by means cf any gaming device or machine, of any denomination or name, in his hcuse, or in any outhouse, booth, arbor or erection of which he has the care or possession, shall be fined not more than twc hundred nor less than fifty dollars.”
Section 1783, Revised Statutes, provides as to the police court in cities of the first-class, that “the court shall have jurisdiction of any offense under any ordinance of the city, and of any misdemeanor committed within the limits cf *675 the oity, or within four miles thereof, to hear and finally determine the same,and impose the prescribed penalty; but cases in which the accused is entitled to a trial by jury shall be so tried, unless a jury be waived.”
We are of the opinion that there is no constitutional objection to the conferring by the legislature upon the police court of a city, jurisdiction to hear and determine the question of the guilt or innocence of a person charged with the commission of an offense against the state, outside cf the limits of the city; but the principal claim of the plaintiff in error is, that if by section .1788, the police court is authorized to hear and determine the guilt of a person charged with a misdemeanor, without the intervention of a jury, if demanded, and which is denied, that such statute is in so far unconstitutional and void, as denying to the aocused person a constitutional right.
Under the provisions of this section 1788, we think it clear that if the section is a valid one, the police oourt of Cincinnati has the power to hear and finally determine a charge brought against a defendant charging him with a misdemeanor committed within the city or within four miles thereof, without the intervention of a jury, when in the language of the statute, “the accused is not entitled to a jury.” And so far as we can see there is no provision by any statute that in a case where the penalty affixed to the offense is only a fine, that the accused is in that ccurt entitled to a trial by a jury, and it then becomes a question whether under the provisions of our state constitution, he is of right entitled to such a trial in suoh a case' — for if he is, the statute, which, as we have held,gives the police court the right to try him without a jury, would in this particular be invalid. But if he has no such right under the provisions of tfie constitution, he oan be tried by the court alone, even if he demands a jury.
The provisions of our state constitution as to the right of trial by jury are these: Article I., section 5, “The right of trial by jury shall be inviolate.” By article I., section 10, it is provided that in any trial in any court the party accused is entitled to “a speedy publio trial by an impartial jury.” Each cf theso has been the subject of repeated adjudications by our supreme court, but in view of its reoent decision in the case of Inwood v. The State, 42 Ohio St., 186, it is not necessary that we should refer to them at length. In the case just cited many of them are mentioned, and it was there held that “a statute which authorizes a penalty by fine only upon a summary conviction under a *676 polioe regulation, or of an immoral practice prohibited by law, although imprisonment as a means of enforcing the-payment of the fine is authorized, is not in conflict with either sections 5 or 10 of article I. of the constitution, on the ground that no provision is made for a trial by jury in such cases.”
Shay & Cogan, for the Plaintiffs in Error.
C. L. Nippert, for the State.
We think that this decision settles the question in controversy here. The .legislature has by section 6988, Revised Statutes, prohibited by law, as immoral and against public policy, the offense with which these defendants below were severally accused, and made it punishable by a fine only. By section 7827, Revised Statutes, ‘‘when a fine is the whole or part of the sentence, the court or magistrate may order that the person sentenced shall remain confined in the county jail until the fine and oosts are paid, or secured to be paid,or the offender is otherwise legally discharged. ” In these two respects these cases and that of Inwcod are identical. In that case as in these the accused demanded a jury trial, which was refused, and a trial had by the court alone. As we understand the decision, it is only where the accused is charged with an offense, the punishment of which in whole or in part is imprisonment, that the accused is entitled to a jury trial, unless the law confers the right upon him in other cases. As this was not done as to this offense by any statute, the judgments will be affirmed.